**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Manuel Arturo NORIEGA,
Defendant—Appellant.**

**No. 04–10313.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.[*]

Decided June 29, 2005.

Bruce M. Ferg, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff—Appellee.

Jack Landsdale, Law Offices of Jack L. Landsdale, Jr., Tucson, AZ, for Defendant—Appellant.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, REAVLEY,** and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Manuel Arturo Noriega appeals the district court's judgment, convicting him of one count of conspiring to transport illegal aliens and two counts of transporting illegal aliens, and sentencing him to 21 months in prison.

Noriega contends that the district court erred by denying him a new trial based on the prosecution's inadvertent failure to disclose a witness's prior juvenile conviction. Noriega asserts that the government's failure to disclose the prior conviction was a *Brady* violation, that the conviction was newly-discovered evidence necessitating a new trial, and that a Confrontation Clause violation occurred because defense counsel was unable to cross-examine the witness about the prior conviction. We disagree.

Although the prior conviction was relevant to the witness's credibility, its earlier discovery would not have changed the outcome of Noriega's trial. *See Benn v. Lambert,* 283 F.3d 1040, 1052–53 (9th Cir.2002) (explaining that to warrant relief under *Brady,* undisclosed evidence must undermine confidence in the outcome of the trial); *see also United States v. Sarno,* 73 F.3d 1470, 1507 (9th Cir.1995) (noting that newly-discovered evidence must "indicate[ ] that a new trial would probably result in acquittal.") (citation omitted). Moreover, the witness was thoroughly

cross-examined at trial, despite his prior juvenile conviction being unknown. *See United States v. Williams,* 291 F.3d 1180, 1191 (9th Cir.2002) (observing that the right to cross-examination "is satisfied when ... the defendant had a full and fair opportunity to probe any inconsistencies in the witness' statements.") (citation omitted). We affirm the district court's denial of Noriega's motion for a new trial.

Because the district court enhanced Noriega's sentence based on facts not found by the jury, we remand to the district court for further proceedings in accordance with *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005).

**CONVICTION AFFIRMED. SENTENCE REMANDED.**

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.